**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10461 |
| Plaintiff - Appellee, | D.C. No. 1:04-cr-00053-DAE-1 |
| v. | |
| SILVER JOSE GALINDO, AKA Daniel S. Galindo, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted February 9, 2010
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

Silver Galindo appeals his jury conviction of multiple counts of being a

felon in possession of a firearm and ammunition, possession with intent to

distribute five grams or more of methamphetamine, and possession of a firearm

during and in relation to a drug trafficking crime.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Galindo first argues that the district court erred by failing to instruct the jury regarding one of the essential elements of the crime of Possession of a Firearm During and In Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1), charged in Counts 3 and 11. He argues that no explanation of the term "drug trafficking crime" was given. Galindo did not object to this alleged error at trial, so we review the instruction for plain error. *United States v. Alferahin*, 433 F.3d 1148, 1153-54 (9th Cir. 2006).

The district court did not err in instructing the jury on the elements of Counts 3 and 11. The court instructed the jury that it could convict Galindo on those counts only if the jury found Galindo guilty of Counts 2 and 10, respectively. The jury found Galindo guilty of Counts 2 and 10, which Galindo concedes are drug trafficking crimes.

Galindo next argues that the district court erred in denying his post-verdict motion for judgment of acquittal and/or alternatively for a new trial. He argues there was insufficient evidence to support his convictions under Counts 10 or 11 because the robbery victim never testified that "Mr. Galindo took my drugs." Count 10 charged possession of methamphetamine with intent to distribute (based on 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)), and Count 11 charged firearm possession relating to Count 10 (based on 18 U.S.C. § 924(c)(1)).

2

The jury heard sufficient evidence to support these convictions. On July 31, 2003, Ferrer, a dealer of methamphetamine, was at the Pacific Marina Inn smoking methamphetamine with a woman named Tadio. Ferrer had about two ounces of methamphetamine in a black pouch in the room. There was a knock at the door, Tadio opened it, and Galindo pointed a firearm at Ferrer and asked "Where's the Dope?" Galindo tied Ferrer up, and when Galindo left with Tadio, Ferrer got up, looked outside, and saw his wife's car driving away. Ferrer called his wife, Elma, told her that he had been robbed, and mentioned his "stuff." Elma understood this to mean Ferrer's drugs. After Galindo had left the room, there was nothing of Ferrer's left in the room. Galindo admitted twice that he had robbed Ferrer, and asked someone to tell Tadio to lie about it. There was sufficient evidence supporting these convictions.

Galindo next argues, regarding Counts 1, 4, 8, and 9, that the district court's instructions to the jury constructively amended the indictment. Each of those four counts in the indictment charged Galindo with violating 18 U.S.C. § 922(g)(1) by "knowingly possess[ing], in and affecting commerce, a firearm . . . ." Galindo argues that the district court impermissibly changed the "in and affecting commerce" language when it instructed the jury that the government had to prove that "the firearm or ammunition had been shipped or transported from one state to

3

another." We review claims of constructive amendment de novo. *United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006). Because Galindo did not object to the jury instructions as phrased, however, we review for plain error. *Id.*

Convictions under § 922(g)(1) require only the "minimal nexus that the firearm have been, at some time, in interstate commerce." *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995) (citation omitted). The charge given clearly described the elements of the offense and the slight change in wording did not amount to Galindo being convicted of a substantially different crime. *See United States v. Rousseau*, 257 F.3d 925, 933 (9th Cir. 2001). There was no plain error.

Galindo next argues that the district court erred in refusing his sixth proposed jury instruction, which regarded the evidence necessary to support a charge of possession in the context of a multiple dwelling home. "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Cherer*, 513 F.3d 1150, 1154 (9th Cir. 2008) (citation omitted).

Galindo's proposed instruction was not required. The court's instruction on possession was an exact copy of the model instruction. *See* Ninth Circuit Manual of Model Criminal Jury Instructions, Instruction 3.18 (2003). The comment to that model jury instruction states that "[t]his instruction is all-inclusive. There is no

4

need to attempt to distinguish further between actual and constructive possession and sole and joint possession." *Id.* at cmt. The jury instructions were neither misleading nor inadequate to guide the jury's deliberation. The court's rejection of Galindo's proposed instruction was not erroneous.

**AFFIRMED.**